**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE  DIVISION**

In re:

RICHARD MILLER                                          Case No.: 19-23375-JKO
                                                        Chapter 13

            Debtor(s).

_____/

## DEBTOR'S OBJECTION TO CLAIM OF THE BANK OF NY MELLON (CLAIM #4) ON SHORTENED NOTICE AND CERTIFICATE OF SERVICE OF COURT GENERATED NOTICE OF HEARING

***IMPORTANT NOTICE TO CREDITOR:  THIS IS AN OBJECTION
TO YOUR CLAIM***

***This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).***

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the debtor objects to the following claim filed in this case:

### CLAIM #4 - BANK OF NEW YORK  MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE

On or about September 4, 2019, the Creditor obtained a final judgment of foreclosure in the State Court proceeding.  The Final Judgment contained an interest arrearage of $19,654.87.  The Debtor then filed the instant proceeding on October 4, 2019.  The Creditor's proof of claim states that the total of all missed principal and interest payments is equal to $37,495.36.  In another words, about half of the missed payments should have been applied to principal.  The Debtor believes that the Creditor is overstating the amount of principal that is actually past due.  If the Creditor cannot prove that the past due principal and interest is $37,495.36 then the principal and interest should be reduced to the amount in the final judgment, which is $19,654.87.

In addition, the proof of claim states that the escrow shortage is close to the number in the final judgment.  The debtor has no issue with the $24,592.19 escrow shortage.  However, the Creditor's Proof of Claim states that there is an additional "projected shortage" of $5,059.45.  The Debtor believes that the escrow shortage includes the "projected shortage" and the separate charge of the "projected shortage" should be stricken from the proof of claim.

The undersigned acknowledges that this objection and the notice of hearing for this objection will be served on the claimant and the debtor at least 14 calendar days prior to the confirmation hearing date and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the court

when the objection and notice of hearing are served.

## **CERTIFICATE OF SERVICE**

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1.

I hereby certify that a copy of the foregoing Objection and Notice of Hearing subsequently generated by the court after the filing of the instant motion was served in the manner described below, on   January 15, 2020  , upon:

Via CM/ECF:

Mark Journey on behalf of Creditor Broward County
mjourney@broward.org, swulfekuhle@broward.org

Alexandra R Kalman on behalf of Creditor THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-2
akalman@lenderlegal.com, dokraska@lenderlegal.com;eservice@lenderlegal.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

*Law Offices of*
**NOWACK & OLSON, PLLC**
Attorney for Debtor(s)
8551 Sunrise Blvd., Suite 208
Plantation, FL 33322
**(954) 349-2265**

/s/ Mitchell J. Nowack
**MITCHELL J. NOWACK, ESQ.**
Florida Bar Number: 099661