# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:  
Richard Lloyd Miller   Debtor(s).

Case No. 19-23375-JKO  
Chapter 13 Case

### THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-2 RESPONSE TO OBTJECTION TO CLAIM(#14)

**COMES NOW**, THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-2, its Successors and/or Assigns ("Secured Creditor"), by and through its undersigned counsel, as and for its Response to Debtor's Objection to Claim #14 (Doc. No.23), and states as follows:

1. The Debtor(s) filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on October 04, 2019.

2. Secured Creditor holds a security interest in the Debtor(s)' real property located at 12850 SW 56th Street, Southwest Ranches, Florida 33330, by virtue of a Final Judgment of Mortgage Foreclosure which is recorded in the Public Records of Broward County, Florida Instrument # 116032414. Said Judgment was recorded on September 5, 2019 in the amount of $419,270.59.  A copy of the Judgment is attached to Secured Creditor's Proof of Claim No. 4-2.

3. The aforementioned gives Secured Creditor a first position on property legally described as:

**THE EAST 132 FEET OF THE WEST 1/2 OF TRACT 61, AND THE EAST 132 FEET OF THE WEST 1/2 OF TRACT 62, OF SECTION 35, TOWNSHIP 50 SOUTH, RANGE 40 EAST, OF FLORIDA FRUIT LANDS CO. SUBDIVISION NO. 1, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 2, PAGE 17, OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA; SAID LANDS SITUATE AND BEING IN BROWARD COUNTY, FLORIDA**

**More commonly Known as: 12850 SW 56th Street, Southwest Ranches, Florida 33330**

4. The subject loan has been in default as of November 1, 2015.

5. Secured Creditor filed a timely Proof of Claim (Claim 4-2) with arrears in the amount of $83,525.71 and a total secured claim in the amount of $423,750.72. The arrears in the amount of $83,525.71 included the following:

   a. Principal and Interest Due: $37,795.36

   b. Prepetition Fees: $16,718.28

   c. Escrow Deficiency: $24,592.19

   d. Projected Escrow Shortage: $5,059.45

   e. Less Funds on Hand: ($339.57)

6. Where a proof of claim is executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, it "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Thus, a debtor challenging a proof of claim bears the initial burden of going forward and introducing sufficient evidence to rebut the presumption of validity created pursuant to Rule 3001(f). *In re Gurley*, 311 B.R. 910, 915-16 (Bankr. M.D. Fla. 2001) "Such evidence must be sufficient to evidence a true dispute and must have probative equal to the contents of the claim. *Id.* Upon introduction of sufficient evidence by the objecting party, the burden of proof must then be met by the claimant by a preponderance of the evidence." *Id.* "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim… The burden of ultimate persuasion rests with the claimant." *In re Homelands of DeLeon Springs, Inc.*, 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) *citing In re VTN, Inc.,* 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

7. Debtor filed an Objection to Secured Creditor's Claim (Doc. 23) alleging that the $37,795.36 and missed principal and interest payments was improper based on fact that the Final Judgment of Foreclosure, attached hereto as Exhibit "A", included interest in the amount of $19,654.87. However, the $19,654.87 awarded in the Final Judgment of Foreclosure was solely for missed interest. Conversely, the $37,495.36 claimed in the POC is for missed principal AND interest payments. The 47 missed principal and interest payments are itemized in Secured Creditor's Proof of Claim 4-2 and are further broken down in the Loan Modification Agreement attached to Secured Creditor's Proof of Claim No. 4-2.

    a. 44 Missed Principal and Interest Payment from November 2015-July 2019 at 789.62

    b. 3 Missed from August 2019-October 2019 at $917.36

8. The foreclosure judgment establishes the debtor's liability as to all amounts awarded in the judgment under the doctrine of res judicata. *In re Tomasevic*, 275 B.R. 86, 96 (Bankr. M.D. Fla. 2001). "Res judicata precludes reexamination not only of liability for a debt, but also its amount as well." *Ob/Gyn Solutions, L.C. v. Six (In re Six),* 80 F.3d 452, 456 (11th Cir. 1996). "When res judicata is invoked to give preclusive effect to a state court judgment, [the bankruptcy court] must apply state law." *Id.*; *In re Tomasevic*, 275 B.R. 86, 96 (Bankr. M.D. Fla. 2001).

9. Debtor's Objection Secured Creditor's Claim (Doc. 23) further alleges that the projected escrow shortage of $5,059.45 is improper, without providing a basis or documentation in support thereof. Consequently, Secured Creditor asserts that Debtor has failed to meet its initial burden of overcoming the prima facie validity of the amounts stated in the claim.

10. Notwithstanding, the $5,059.45 projected escrow balance is permissible under the Note, Mortgage, Loan Modification, and Real Estate Settlement Practices Act (RESPA), and is supported by the Escrow Analysis attached to Secured Creditor's Proof of Claim (Claim 4-2) in accordance with requirements of Fed. R. Bankr. P. 3001(c)(2)(C).

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order overruling Debtor's Objection to Claim, awarding attorney fees and costs, and for such other further relief as the Court may deem just and proper.

Respectfully submitted:

/s/ Alexandra Kalman
Alexandra Kalman
FBN 109137
Lender Legal Services, LLC
Attorney for Secured Creditor
201 E. Pine Street, Suite 730
Orlando, FL 32801
Phone: (407) 730-4644
Fax: (888) 337-3815
akalman@lenderlegal.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response to Debtor's Objection to Claim was either sent electronically or by U.S. mail, first-class postage pre-paid, to:

Richard Lloyd Miller
5700 SW 130 Ave
Southwest Ranches, FL 33330
(U.S. Mail)

Mitchell J. Nowack, Esq.
8551 Sunrise Blvd #208
Plantation, FL 33322
(ECF)

Robin R Weiner - Trustee
POB 559007
Fort Lauderdale, FL 33355
(ECF)

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
(ECF)

on January 31, 2020.                             Respectfully submitted:

/s/ Alexandra Kalman
Alexandra Kalman
FBN 109137
Lender Legal PLLC
Attorney for Secured Creditor
2807 Edgewater Drive
Orlando, FL 32804
Phone: (407) 730-4644
Fax: (888) 337-3815
akalman@lenderlegal.com